THE BOROUGH OF NORTH WILDWOOD AND ANNIE TAYLOR, PROSECUTORS, v. BOARD OF PUBLIC UTILITY COMMISSIONERS AND WILDWOOD WATER WORKS COMPANY, DEFENDANTS.

Submitted July 3, 1915—Decided November 3, 1915.

The existency of a contract between a municipality and a water company, providing a maximum rate for water to be supplied to consumers, does not debar the Public Utility Commissioners from fixing a higher rate.

On *certiorari.*

Before Justices PARKER, MINTURN and KALISCH.

For the prosecutors, *Harrison H. Voorhees.*

For the defendant, Board of Public Utility Commissioners, *Frank H. Sommer.*

For the Wildwood Water Works Co., *Ernest Watts* and *Joseph H. Gaskill.*

The opinion of the court was delivered by

PARKER, J. The writ brings up an order of the Board of Public Utility Commissioners making applicable to North

Wildwood a previous order relating to the neighboring city of Wildwood. Said last mentioned order, which is an exhibit in the case, fixed the rates to be charged to private consumers for water at thirty cents per thousand gallons, and the adoption by the board of this rate in North Wildwood is challenged by the prosecutors on the sole ground that there already existed a contract between the municipality and the water company for a lower rate, and that said contract could not be abrogated or altered by any action of the board, without the consent of both the contracting parties.

The contract relied on is dated December 24th, 1907, and provides also for hydrants and street sprinkling at the public expense, as well as for rates to private consumers. In 1913 a second contract was made, not referring to the first in any way, and relating to municipal water consumption alone, without reference to private consumption. The water company, apparently conceiving that the second contract wholly supplanted the first, then put up the private rate to forty cents, and there was an appeal to the utility board, which, as has been stated, reduced the rate to thirty cents. Prosecutors are not satisfied with this result and by this writ seek to reestablish the original contract rate of twenty-five cents with a minimum charge of $10.

For the water company it is claimed that the contract of 1913 covered the subject-matter of that of 1907 and that the rule of statutory construction should be applied, that a later statute covering the whole subject-matter will be deemed to repeal previous legislation on the subject. *Board of Education* v. *Tait,* 81 *N. J. Eq.* 161; *Gottuso* v. *Baker,* 80 *N. J. L.* 520. Assuming the applicability of this rule to contracts, it is not applicable in the case at bar, because the second contract contains no mention of the very subject of controversy, viz., the rate to private consumers, which, as we think, remained unchanged and unimpaired by the contract of 1913.

This, however, does not help the prosecutors; for while the municipality itself has not assented to a change in rate, the state, its creator and parent, has done so through a

specially constituted agency. If the water company were here complaining that its contract rights were being impaired, a different question would be presented, but the contract right of one of the state's creatures may be waived by the creator. As was said in *Cortelyou* v. *Anderson,* 73 *N. J. L.* 427, 431, "the constitutional limitations which prevent the legislature from impairing the obligation of a contract do not debar it from annulling obligations due to the public." In *Cleveland* v. *Board of Finance,* 38 *Id.* 259, this court applied this principle when it asserted the power of the legislature to depute to arbitrators the settlement of equitable terms of adjustment between a municipality and a contractor who assented to that course. The judgment in the Cortelyou case was reversed (75 *Id.* 532), but on a ground not affecting the principle, which stands fully recognized if not expressly declared in such recent decisions as *Public Service Railway Co.* v. *Utility Commissioners,* 85 *Id.* 123; 86 *Id.* 696; *Phillipsburg* v. *Utility Commissioners,* 85 *Id.* 141, and *Public Service Electric Co.* v. *Same,* 87 *Id.* 128.

We conclude that the board acted within the jurisdiction conferred upon it, in raising the rate to thirty cents as against the objection of the borough and citizen, and as the rate fixed by it does not appear to be unjust or unreasonably high, the order brought up will be affirmed, with costs.